IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | | |
|---|---|---|
| JAMES C. WALTERS | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. |
| | § | |
| CITY OF JASPER, TEXAS | § | |

### PLAINTIFF'S ORIGINAL COMPLAINT

**COMES NOW**, James C. Walters, hereinafter referred to as "Plaintiff" complaining of the City of Jasper, Texas hereinafter referred to as "Defendant", and for cause of action would respectfully show unto this Honorable Court as follows:

1. This is an action brought pursuant to 42 USC §1981 and 42 USC §1983 and pursuant to rights secured by Title VII of the Act of Congress known as the Civil Rights Act of 1964, as amended, 42 USC §2000 et. seq., and particularly as amended by the Civil Rights Act of 1991, to correct unlawful discrimination practice in the workplace on the basis of race which have been engaged in by Defendant to the detriment of Plaintiff.  This is a suit for lost income, past present and future, as well as other actual damages incurred by Plaintiff as a result of the discriminatory treatment he received at the hands of Defendant, together with an action for punitive damages based on the conduct of Defendant.

2. Jurisdiction of this court is invoked pursuant to 28 USC §1331.

3. Plaintiff in this action is James C. Walters who is a citizen of the United States and who, at all material times hereto, is a resident of Jefferson County, Texas. Plaintiff is Caucasian.

4. Defendant, City of Jasper, Texas, is a governmental entity and may be served with citation by serving its Chief Executive Officer which, pursuant to City charter is the City Manager, Tommy Boykin, who may be served at his office located at 465 South Main Street, Jasper, Texas 75951.

5. At all material times to this litigation, Defendant, by and through its agents, employees, city council members, and/or other agents, have intentionally engaged in practices and policies made unlawful by Title VII of the Civil Rights Act of 1964, as amended, as well as by the Civil Rights Act of 1991.

6. Plaintiff has complied with all prerequisites for bringing an action under Title VII of the Civil Rights Act of 1964.

   a. On or about May 6, 2011, Plaintiff timely filed a written charge and complaint with the Equal Employment Opportunity Commission (EEOC) alleging discrimination on the basis of race. (copy attached as exhibit A)

   b. On or about June 10, 2011, the EEOC issued a Right to Sue letter notifying Plaintiff that he had the right to sue the City of Jasper, Texas within 90 days of the receipt of notification. (copy attached as exhibit B). Plaintiff has filed this complaint within 90 days of the receipt of the notice of his right to sue.

7. Plaintiff incorporates paragraphs 1 through 6 above. On or about February 23, 2011, the City of Jasper, Texas posted the job notice for police chief to the Texas Municipal League and the Jasper Newsboy soliciting applicants. The job posting set forth the education, training, and experience that the City felt was necessary and required for the person to possess who would serve as the next Chief of Police.

8. On or about March 7, 2011, Plaintiff submitted his application to be considered for the position of Police Chief for the City of Jasper, Texas. Plaintiff met the

education, training and experience requirements set out in the job posting prepared and required by the City of Jasper, Texas.

9. On or about February 14, 2011, Rodney Pearson, an African-American, was appointed to serve as Police Chief for the City of Jasper. At the time of this appointment, Pearson was serving as Fire Chief for the City of Jasper, Texas. On or about February 16, 2011, prior to the date of the police chief job being posted, Rodney Pearson submitted his application for Police Chief of the City of Jasper, Texas.

10. The Texas Police Chief's Association (TPCA) offers a free service to assist municipalities in reviewing applicants and assessing the applicants' overall qualifications for police chief positions. The TPCA has a point based system that objectively evaluates an applicant's education, training, and experience and assigns points based on the individual applicant's situation. The point scale is 0 to 11 with 11 being the highest possible score.

11. The City of Jasper, Texas elected not to use this objective, free service of TPCA but instead relied upon a committee of council members, Randy Sayers and Terrya Norsworthy, along with City of Jasper personnel director Joe Whitener to choose five finalists for the chief's position out of the 26 applicants. Three applicants subsequently withdrew their names for consideration leaving a pool of 23 applicants for the police chief's position.

12. Once the applicants' scores were determined, there was a three way tie for the fifth position which resulted in seven applicants being considered as the finalists. The seven applicants received evaluation scores ranging from 7 to 10. Three individuals

scored 7, two individuals scored an 8, one individual scored a 9 and one individual scored a 10. Two of the seven finalists were African-American.

13. Without explanation, when the list of finalists were released, there were nine names rather than seven. For no obvious reason, the names of applicant Franklin G. Hall and applicant Rodney Pearson were included on the list of finalists bringing the total number of finalists to nine. Based on how the selection committee applied the TPCA criteria, Franklin G. Hall, who is Caucasian, received an evaluation score of 5 while Rodney Pearson received an evaluation score of 3. Six applicants, including Plaintiff, scored higher than Pearson, but were not included in the list of finalists.

14. Pearson clearly did not meet the education, training and experience requirements set out in the job posting.

15. Despite receiving a score that put Pearson third from the bottom of the list, and clearly not meeting the education, training, and experience requirements set out in the job posting, Pearson was included as a finalist and ultimately was offered and accepted the job of Police Chief for the City of Jasper, Texas on or about April 22, 2011.

16. As a result of the foregoing and unlawful discriminatory practices of the Defendant, Plaintiff was discriminated against based on race and Plaintiff has suffered unjust hardships in conscious disregard of the Plaintiff's rights. Such actions are and were intentional, in bad faith, and in total disregard of the Plaintiff's rights. Due to the actions of Defendant, Plaintiff has suffered and will continue to suffer damages and is therefore, entitled to recover damages for mental anguish, actual and compensatory damages, and punitive damages due to the nature of the actions of Defendant.

WHEREFORE, Plaintiff respectfully requests Defendant be cited to appear and answer herein, and that upon final trial hereof, the Court:

A.  Award Plaintiff actual damages which he has suffered as a result of Defendant's discriminatory conduct;

B.  Award Plaintiff punitive damages in an appropriate amount deemed sufficient to prevent Defendant from repeating this discriminatory conduct;

C.  Award Plaintiff his costs, including reasonable attorney fees; and

D.  Award Plaintiff all other relief which the Court deems just and proper.

Respectfully submitted,

McPHERSON, HUGHES, BRADLEY,
WIMBERLEY, STEELE & CHATELAIN
3120 Central Mall Drive
Port Arthur, Texas 77642
Phone:  (409) 724-6644
Fax:  (409) 724-7585


By: *Lance P. Bradley /s/*_____
    LANCE P. BRADLEY
    State Bar No. 02826650
    JILL S. CHATELAIN
    State Bar No. 00788498

ATTORNEYS FOR PLAINTIFF


## JURY DEMAND

Plaintiff respectfully requests a jury trial in this cause of action.


*Lance P. Bradley /s/*_____
LANCE P. BRADLEY